# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SARA HEMPERLEY,

    Plaintiff,

v.                                                 Case No: 8:23-cv-1954-CEH-CPT

SAFE SHIP MOVING SERVICES and
PLATINUM MOVING AND
STORAGE,

    Defendants.
_____

## ORDER

This matter is before the Court *sua sponte*. Because Plaintiff failed to respond to the Court's Order to Show Cause (Doc. 16), despite being given the opportunity to do so, this action will be dismissed without prejudice.

## DISCUSSION

Plaintiff, Sara Hemperley, through counsel, initiated this action in state court against Defendants, Safe Ship Moving Services ("Safe Ship") and Platinum Moving and Storage ("Platinum"). Doc. 1-1. Defendant Safe Ship removed the action to this Court (Doc. 1) because the actions alleged in the Complaint arise out of an interstate move between Florida and Texas and the amount sought exceeds $10,000, invoking the Court's original jurisdiction under 49 U.S.C. § 14706, *Liability of Carriers under Receipts and Bills of Lading*, commonly referred to as the Carmack Amendment, which is subject to the Interstate Commerce Act ("ICA"). The Removal Notice indicates that

Defendant Platinum consents to removal, although Platinum has not appeared to date in the litigation. Doc. 1 ¶ 8. The procedural history of the case is outlined in detail in the Court's Order to Show Cause issued on December 19, 2023. *See* Doc. 16.

The Order to Show Cause directed Plaintiff to show why this action should not be dismissed without prejudice for lack of prosecution, due to (1) Plaintiff's failure to comply with the Court's November 21, 2023 Order (Doc. 14); Plaintiff's counsel's failure to comply with the Court's October 13, 2023, Order (Doc. 13); and (3) Plaintiff's failure to timely serve Platinum or, if Platinum was served, to timely move for a Clerk's default against Platinum. Doc. 16 at 5. Plaintiff was ordered to respond by January 2, 2024, and the Court cautioned that failure to timely respond to the Order would result in this action being dismissed without prejudice and without further notice. *Id.* Plaintiff failed to timely respond.

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Plaintiff failed to comply with the Court's November 21, 2023 Order; Plaintiff's counsel failed to comply with the Court's October 13, 2023 Order; Plaintiff failed to

2

timely serve Platinum, or alternatively, to timely move for a Clerk's default against Platinum; and Plaintiff has failed to respond to the Court's December 19, 2023 Order to Show Cause or seek an extension of time in which to do so. Because Plaintiff has failed to prosecute her case, the matter will be dismissed, without prejudice. Accordingly, it is

    **ORDERED:**

    1.    This action is **DISMISSED, without prejudice**.

    2.    Any pending motions are denied as moot.

    3.    The Clerk is directed to terminate any deadlines and **CLOSE** this case.

    **DONE** and **ORDERED** in Tampa, Florida on January 8, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties, if any